IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMIN SUMMERS | : CIVIL ACTION NO. |
| v. | : JURY TRIAL DEMANDED |
| CITY OF PHILADELPHIA | : |
| and | : |
| POLICE OFFICER JEFFREY WALKER (Badge No. 3730) Individually and as a Police Officer for the City of Philadelphia | : |
| and | : |
| POLICE OFFICER LINWOOD NORMAN Badge No. 5214 Individually and as Police Officer for the City of Philadelphia | : |

## COMPLAINT

### JURISDICTION

1. This is an action brought pursuant to 42 U.S.C. §1983. Jurisdiction is based upon 28 U.S.C. §§1331 and 1343, the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the Commonwealth of Pennsylvania, against the City of Philadelphia and against the City of Philadelphia Police Officers in their individual capacities. Plaintiff invokes the pendent jurisdiction of this Court provided by 28 U.S.C. §1367 to hear and decide claims under State law.

### PARTIES

2. Plaintiff is Amin Summers, an adult male, who is and was at all material times a resident of Philadelphia, Pennsylvania.

3. Defendant, City of Philadelphia, at all times pertinent hereto, is a municipality of the Commonwealth of Pennsylvania, and owns, operates, manages, directs and controls the Philadelphia Police Department, which employs the defendant Police Officers.

4. Defendant, Police Officer Jeffrey Walker (Badge No. 3730), was at all times relevant to this

action an Officer of the City of Philadelphia Police Department. Defendant was either a member of the Narcotics Strike Force or a unit purportedly dealing with the investigation of illegal narcotics. He is being sued in his individual capacity and as a Police Officer for the City of Philadelphia.

5. Defendant, Linwood Norman was at all times relevant to this action was an Officer of the City of Philadelphia Police Department, and was a member of the Narcotics Strike Force or a unit dealing with the purported investigation of illegal narcotics. He is being sued in his individual capacity and as a Police Officer for the City of Philadelphia.

## FACTS

6. On or about December 14, 2010, plaintiff was staying with his girlfriend who resided in a house at 3906 Mt. Vernon Street in the City and County of Philadelphia.

7. On the above mentioned date, defendant Walker and approximately 5 other non-uniformed Philadelphia Police Officers, without a search warrant, came to the 3906 Mt. Vernon Street address, breaking the door down to gain entry, failing to knock and announce prior to doing so.

8. That prior to December 14, 2010, plaintiff does not recall having any prior contact with either of the defendant Philadelphia Police officers.

9. That Plaintiff was arrested and charged with numerous drug charges, including manufacture, delivery or possession with intent to manufacture or deliver, criminal use of a communication facility, intentional possession of a controlled substance by a person not registered to possess a controlled substance, conspiracy and use and possession of drug paraphernalia.

10. Plaintiff was charged with conspiring with other people whom plaintiff did not know and with whom he never conspired.

11. That after a preliminary hearing, plaintiff was held for trial on the manufacture or deliver with intent to manufacture or deliver charges.

12. That on May 15, 2012, plaintiff, represented by the Philadelphia Public Defender's Office, in order to avoid a lengthy sentence, entered into a negotiated guilty plea under criminal docket CP-51-CR-0003238-2011, imposing a period of confinement of 1 year and 6 months to a maximum of 5 years.

13. Plaintiff entered into this negotiated guilty plea, not because plaintiff was guilty of the

charges, but in order to avoid a lengthy prison sentence of many years, a far much longer period of incarceration than the negotiated plea.

14. In fact, plaintiff was innocent of the charges of which he pled guilty in CP-51-CR-0003238-2011, and pled guilty on the advice of his Public Defender in order to avoid the lengthy sentence that could have been imposed by the Court following a trial on the merits at which defendants ,Walker and Norman, would present false and perjured testimony, accusing plaintiff of crimes plaintiff did not commit.

15. Plaintiff knew that the defendant Officers would present false testimony since at the March 17, 2011 preliminary hearing, defendant Walker perjured himself when Walker accused plaintiff of possessing and distributing drugs and presented other perjured testimony.

16. Plaintiff was incarcerated at Coal Township SCI for approximately 18 months, serving a prison sentence for crimes plaintiff did not commit, until on September 26, 2014, plaintiff's motion to nolle pros the charges was granted by Judge Sheila Woods-Skipper of the Philadelphia Court of Common Pleas.

17. This illegal arrest and prosecution is still on the First Judicial District of Pennsylvania Court Summary and Docket.

18. Plaintiff was falsely accused of the drug charges since he neither possessed, attempted to sell drugs, or sold drugs, as defendant Officers alleged.

19. On 12/07/2010 ,Defendant Officers, Norman and Walker, claimed that a CI they were handling, was provided marked money and, thereafter Defendant , Walker, falsely claimed he observed 3 males, one of whom was Plaintiff, hand objects to the CI in exchange for the $100.00 marked money.

20. Again, on 12/13/2010, Defendant Walker ( who was sentenced to 4 years incarceration for his civil rights violations and perjury) claimed he observed 3 males , including Plaintiff, in front of 3906 Mt. Vernon St. and further claims he observed Plaintiff hand something Plaintiff retrieved from 3906 Mt. Vernon St. , to a CI in exchange for $110.00 . Thereafter, Defendant, Walker alleged he tested the objects and found the objects to be marijuana and cocaine.

21. Defendant Walker lied and committed perjury that he observed Plaintiff as

part of a conspiracy involving 3 other black men, all named Halls,, which lies enabled Defendant, Walker to obtain a search warrant for 3906 Mt. Vernon St., where alleged ly drugs and marked money were recovered but the only item that may have belonged to Plaintiff was a letter addressed to him.

22. Plaintiff and the 3 Halls and several other individuals were arrested and charged with a conspiracy to deal drugs from certain locations, none of which were associated with Plaintiff, although 3906 Mt. Vernon Apt "A" was an address of Plaintiff's, then, girlfriend.

23. None of the accusations against plaintiff were true but were made for the sole purpose of making a false arrest, false imprisonment and fraudulent prosecution in order to make overtime pay appearing in court and reaping a financial gain for the illegal and false arrest and prosecution.

24. For more than 20 years, Philadelphia Police Officers assigned to various narcotics units have engaged in a pattern and practice of securing search warrants based on fraud and misrepresentations, falsifying or misusing what are known as confidential informants, who either do not exist or lie for the police, falsifying search warrants and their execution, falsifying evidence, the destruction and theft of personal property and related misconduct.

25. The City of Philadelphia has failed to take appropriate remedial measures to prevent misconduct of this nature.

26. That because of plaintiff's false arrest and incarceration, he was deprived of the companionship of his family and friends.

27. The Defendant Police Officers gave false and fraudulent information in an Affidavit of Probable Cause for a Search Warrant,, since plaintiff never observed any warrant and none was shown to plaintiff or other persons present at 3906 Mt. Vernon Street, Philadelphia,

28. The Philadelphia District Attorney's Office stopped presenting defendants ,Walker and Norman as witnesses in narcotics cases; and stopped approving narcotic cases for charging in which these Officers were necessary witness; and stopped approving any search or arrest warrants in narcotics cases when imprisoned Officer Walker and/Defendant Norman were the affiants.

29. Defendant Walker has pleaded guilty to corruption, perjury and other related charges and constitutional violations and was sentenced to four years incarceration at a Federal Detention Federal

Detention Center.

30. More specifically, the District Attorney of Philadelphia refused to prosecute or charge cases or approve any search or arrest warrant in which defendant officers, Walker and Norman were involved.

31. This decision rested on knowledge that both of the defendant Officers in this matter had engaged in conduct raising questions about their integrity and law-abiding behavior while on duty.

32. At the time of this incident, and for some years before, law enforcement at the highest levels knew of integrity, corruption, and civil rights violation issues involving these defendant Officers. Federal agents and Federal prosecutors knew of the corruption in the Narcotics Unit of which the Defendant Officers were members. The Philadelphia Police Commissioner Ramsey, his predecessors, and some of his subordinates, knew. Former District Attorney Lynn Abraham and some of her subordinates, as well as her successor in office, knew. The basis of this knowledge was information from multiple sources, including, but not limited, to Federal investigations, questions raised by State and Federal prosecutors and other sources.

33. As a direct and proximate result of the defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution; ; the right to be free from malicious prosecution; and the right to due process of law and the right not to be prosecuted on fabricated evidence. Plaintiff was deprived of the right not to be a victim of conspiracies by State actors to violate the aforementioned clearly established rights.

34. The actions or inactions of defendants violated clearly established rights.

35. All actions taken by defendants in this matter were taken under color of State law.

36. As a direct and proximate result of the action or inaction of defendants, plaintiff suffered physical pain, loss of liberty, anxiety, fear, mental harm, loss of family ties and financial loss.

37. As a direct and proximate result of the actions and/or inactions of the defendants, plaintiff was and is deprived of rights, privileges and immunities under the Fourth, Fifth, Sixth and Fourteenth Amendment to the United States Constitution, as well as parallel provisions of the Pennsylvania Constitution, and in particular, the right not to be charged and convicted on fabricated evidence, the right to be free from unlawful arrest, the right to be free from unjustified searches, the

right to be free from malicious prosecution, and the right to due process of law. Plaintiff was similarly deprived of the right not to be a victim of conspiracies of State actors to violate the aforementioned clearly established rights and the right to not be subject to a conviction, stemming from false, fabricated evidence.

38. The actions and/or inactions of the defendants violated the clearly established Federal and State constitutional rights of the plaintiff to be free , the right to be free from unlawful arrest, the, the right to be free from malicious prosecution, conspiracies among the actors and to be free of a conviction based on fraudulent , fabricated evidence, and the right to due process of law.

## COUNT I

### 42 U.S.C. §1983 against Defendant Officers

### MALICIOUS PROSECUTION

39. Paragraphs 1 through 38 are incorporated by reference as though fully set forth herein at length.

40. Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by defendant Officers in that they, as described in detail in preceding paragraphs, violated plaintiff's constitutional rights while acting under color of law. More specifically, defendant Officers seized and arrested plaintiff, and instituted criminal proceedings against him without probable cause and with malice. These proceedings terminated in favor of plaintiff. Defendants' conduct was the direct and proximate cause of plaintiff's harm.

41 . As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT II

### Supplemental State Law Claim Against Defendant Officers

### *MALICIOUS PROSECUTION*

42. Paragraphs 1 through 41 are incorporated by reference as though fully set forth herein at length.

43. Plaintiff was damaged and injured as set forth above by defendant Officers in that they

instituted criminal proceedings against plaintiff without probable cause and with malice and where such proceedings were terminated in favor of plaintiff.

44. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT III

### 42 U.S.C. §1983 against Defendant Officers

#### *CONSPIRACY*

45. Paragraphs 1 through 49 are incorporated by reference as though fully set forth herein at length.

46. Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by defendant Officers in that they, as described in detail in preceding paragraphs, violated plaintiff's constitutional rights while acting under color of law. More specifically, defendant Officers, acting in concert and conspiracy, committed acts in violation of plaintiff's constitutional rights and against the laws of Pennsylvania. The defendant Officers acted in conspiracy to violate plaintiff's constitutional rights as stated in the above paragraphs, and made statements among themselves and others in order to conceal their unlawful and unconstitutional conduct. Such actions were the direct and proximate cause of plaintiff's harm.

47. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT IV

### Supplemental State Law Claim against Defendant Officers

#### *CONSPIRACY*

48. Paragraphs 1 through 47 are incorporated by reference as though fully set forth herein at length.

49. Defendant Officers, acting in concert and conspiracy, committed acts in violation of plaintiff's

constitutional rights and against the laws of Pennsylvania. The defendant Officers made statements among themselves and others in order to conceal their unlawful and unconstitutional conduct.

50. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT V

### 42 U.S.C. §1983 against Defendant Officers

### FABRICATION OF EVIDENCE

51. Paragraph 1 through 50 are incorporated by reference as though fully set forth herein at length.

52. As a result of the falsifying evidence and presenting this evidence in a criminal case and claiming that Plaintiff was involved in possession, manufacturing and delivery of a controlled substance, knowing none of which was true and which alleged drugs/ controlled substance was never owned, possessed, distributed nor under the control of plaintiff, plaintiff was caused to be arrested, incarcerated, placed on probation, maliciously prosecuted and his reputation and standing in the community was ruined and his life was interrupted and otherwise ruined by falsified evidence, perjury and lies.

53. Defendant Officers falsified evidence in order to get a conviction, look good in the eyes of supervisors and Police Department hierarchy and enrich themselves with overtime pay while attending court, a common practice in the Philadelphia Police Department.

54 . As a result of the above actions, plaintiff demands judgment against Officers in the amount of all damages, including compensatory damages, injunctive relief and punitive damages and such other relief as appears reasonable and just, as well as attorney fees and costs under 42 U. S. C. § 1988.

## COUNT VI

### STATE LAW CLAIM

### FABRICATION OF EVIDENCE

55. Paragraph 1 through 54 are incorporated by reference as though fully set forth at length.

56. It is a violation of Pennsylvania State Law and its Constitution for law enforcement to use fabricated and false evidence, a violation of due process and equal protection to convict a citizen of a crime they did not commit and are actually innocent.

57. Plaintiff did not commit and was actually innocent of the crimes that the defendant Officers accused him of committing and Defendant Officers are liable to Plaintiff for the fabrication of evidence as set forth in the above paragraphs of this complaint.

58. As a result of the above actions , plaintiff demands judgment against defendant Officers in the amount of damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U. S. C. § 1988 and such other relief, as appears reasonable and just.

## COUNT VII

### 42 U. S. C. § 1983 AGAINST DEFENDANT CITY OF PHILADELPHIA

59. Paragraphs 1 through 54 are incorporated by reference as though fully set forth herein at length.

60. Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by defendant Officers in that they, as described in detail in preceding paragraphs, violated plaintiff's constitutional rights while acting under color of law. The City of Philadelphia developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Philadelphia, which caused the violation of plaintiff's rights.

61. It was the policy and/or custom of the City of Philadelphia to cover-up

and avoid detection of improper and illegal police activity, including excessive force, unlawful detention, failure to intervene against other Officers' illegal conduct, false imprisonment, assault and battery, and infliction of emotional distress.

62. It was also the policy and/or custom of the City of Philadelphia to fail to sufficiently supervise against, train and/or retrain against, and discipline against illegal police activity, including, but not limited, to excessive force, unlawful detention, failure to intervene against other Officers' illegal conduct, assault and battery, false imprisonment and infliction of emotional distress.

63. There has been a longstanding history, which has been extensively documented since the 1980s of Philadelphia Police Officers engaging in rampant illegal conduct in narcotics investigations. A non-exhaustive list of such conduct includes:

   a. In the early 1980s, in the "One Squad Scandal," a group of Philadelphia narcotics Officers were convicted of selling drugs that they had stolen from dealers.

   b. During the decade between 1980-1989, a Lieutenant and three Officers from another drug unit, the "Five Squad," engaged in conduct including the theft of drugs and over $280,000.00 that resulted in Federal convictions for, inter alia, racketeering.

   c. In or around February 1995, Philadelphia Police Officer John Baird and five other members of the 39th Police District were federally prosecuted and ultimately sentenced for violating the rights of, and stealing money from, over 40 Philadelphians. These Officers planted drugs on innocent individuals, conducted unreported raids, and stole from suspects.

   d. In 1997, federal drug convictions were overturned as a result of a 1998 Internal Affairs finding that narcotics Officer John Boucher was a potentially corrupt Police Officer.

   e. In the last five years, numerous narcotics officers, including, as described supra, some and/or all of the Defendant Officers in this matter, have engaged in conduct causing them to have been removed from the narcotics assignments. In the last five years, as a result of a series of articles by Philadelphia Daily News reports known as "Tainted Justice," Philadelphia

Police Officers Jeffrey Cujdik, Richard Cujdik, Robert McDonnell, Thomas Tolstoy, Joseph Bologna and Thomas Deabler, have all been assigned to either desk duty or non-narcotic related assignments. Those officers engaged in raids of small convenience shops in Philadelphia in which they disabled surveillance systems to hide their conduct, which included theft of cash and groceries. Jeffrey Cujdik routinely alleged criminal behavior in search warrants involving a confidential informant who subsequently denied having provided information or services on many of the cases in which Cujdik affirmed he had.

64. It was the policy and/or custom of the City of Philadelphia to inadequately supervise and train its Police Officers, including the defendant Officers, against a code of silence or "blue code" of Officers, refusing to intervene against or provide truthful information against constitutional violations and other unlawful misconduct committed by their fellow Officers.

65. As a result of the above described polices and customs and/or the lack thereof, Police Officers of the City of Philadelphia, including the defendant Officers, believed that their actions would not be properly monitored by supervisory Officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

66. As a result of the above actions, plaintiff demands judgment against defendant City in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT XIII

### Supplemental Claim of Negligent Hiring, Retention and Supervision against defendant, City of Philadelphia

67. Paragraphs 1 through 66 are incorporated by reference as though fully set forth herein at length.

68. Defendant City of Philadelphia failed to exercise reasonable care in the hiring, retention and supervision of the defendant Police Officers with

such failure being the direct and proximate cause of Plaintiff's injuries.

69. As a result of the above actions, plaintiff demands judgment against defendant City in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

_____
MARGARET BOYCE FUREY, ESQUIRE
480 1ST Avenue, Suite 400
King Of Prussia Pa 19406
mboycep@aol.com
610-397-0125 (phone)
610-397-0126 (fax)